UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RICHARD FIGUEROA,**

      **Plaintiff,**

**v.**                                                                                     **Case No:   6:17-cv-2170-Orl-40GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

Richard Figueroa (the "Claimant") appeals to the District Court a final decision of the Commissioner of Social Security (the "Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") committed reversible error by: 1) applying improper legal standards when determining whether Claimant can perform his past relevant work; and 2) failing to state the weight given to a psychosocial assessment from Ms. Ashley Loff. Doc. No. 15 at 10-12, 15-17. Claimant requests that the Court reverse the Commissioner's final decision and remand the case for further proceedings. *Id.* at 19. For the reasons stated below, it is **RECOMMENDED** that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

I.     **PROCEDURAL BACKGROUND**

On March 1, 2014, Claimant filed his DIB and SSI applications alleging a disability onset date of November 20, 2012. R. 10. The Commissioner later amended Claimant's disability onset

date to November 20, 2013.[1] *Id.* On July 30, 2014, Claimant's applications were denied initially. R. 146. On September 19, 2014, Claimant's applications were denied upon reconsideration. R. 154. On September 29, 2014, Claimant requested a hearing before an ALJ. R. 166. On October 5, 2016, Claimant attended a hearing before the ALJ. R. 44-71. On December 5, 2016, the ALJ issued an unfavorable decision finding Claimant not disabled because his alcohol dependency was a contributing factor material to the determination of disability.[2] R. 10-29. On February 1, 2017, Claimant requested review of the ALJ's decision. R. 243. On October 27, 2017, the Appeals Council denied Claimant's request. R. 1. On December 19, 2017, Claimant filed this appeal. Doc. No. 1.

## II.     STANDARD OF REVIEW

The Social Security regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (citing 20 C.F.R. § 404.1520).[3] The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e.,

---

[1] The record contains an unfavorable decision from November 19, 2013 regarding a previous application that is not at issue in this appeal. Doc. No. 15 at 1 n. 1. The ALJ in this case found that the November 19, 2013 decision was final and binding, and thus, "the beginning date for consideration in [Claimant's] current claim can be no earlier than November 20, 2013, the day after the [prior decision]." R. 10.

[2] Congress amended the Social Security Act to provide that an "individual shall not be considered to be disabled … if [alcohol or drug dependency] would … be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). The regulations implementing the statute provide that "once the Commissioner determines a claimant to be disabled and finds medical evidence of [alcohol or drug dependency], the Commissioner then must determine whether ... [it] is a contributing factor material to the determination of disability." *Doughty v. Apfel*, 245 F.3d 1274, 1279 (11th Cir. 2001) (citing 20 C.F.R. § 404.1535). Thus, the "key factor in determining whether [alcohol or drug dependency] is a contributing factor material to the determination of a disability is whether the claimant would still be found disabled if [he or she] stopped using drugs or alcohol." *Id.*

[3] When engaging in the five-step sequential evaluation process, the ALJ must determine: 1) whether the claimant has engaged in substantial gainful activity; 2) whether the claimant has a severe impairment; 3) whether the severe impairment meets or equals the severity of one of the listed impairments; 4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and 5) whether (considering the claimant's RFC, age, education, and work experience) the claimant could perform other work within the national economy. *Jones,* 190 F.3d at 1228.

the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must consider evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (citations and quotations omitted).

## III.  ANALYSIS

### A.  Past Relevant Work

At the hearing, the ALJ questioned a vocational expert ("VE") regarding Claimant's residual functional capacity ("RFC") and his ability to perform his past relevant work or other work within the national economy:

> ALJ: Let's consider a hypothetical individual of [Claimant's] age, education, background, and work experience, working at the light exertional level who can frequently climb ramps and stairs, occasionally climb ladders, ropes, and scaffolds, frequently balance, stoop, and crouch, occasionally crawl and kneel, tolerate occasional interaction with the public, supervisors, and coworkers and would miss one day of work each week, for example, due to depression and isolation. Could that individual perform any of the past work or any other work in the national economy?
>
> VE: Well … the biggest limiting factor in your hypothetical is the missing one day a week of work. That's four times a month. On the average, most employers allow one day a month.

> ALJ:   Right.
>
> VE:   So, from that standpoint alone, I think that would preclude his maintaining employment.

R. 70-71. Thus, after being given a hypothetical from the ALJ, the VE found that the hypothetical individual's inability to attend work once per week was the most significant limitation as to the ability to perform past relevant work or other jobs within the national economy. *Id.* Specifically, the VE found that such limitation by itself prevented the hypothetical individual from maintaining any employment. *Id.* The ALJ posed no other hypotheticals to the VE. R. 68-72.

The ALJ made two findings regarding Claimant's RFC. R. 19, 23. First, the ALJ made a finding on Claimant's RFC taking into account his alcohol dependency (the "Dependency RFC"). R. 19. The Dependency RFC states that Claimant is able to perform light work with the following limitations: Claimant can frequently climb ramps and stairs; Claimant can occasionally climb ladders, ropes, and scaffolds; Claimant can frequently balance and stoop and can occasionally crawl or kneel; Claimant can tolerate occasional interaction with the public, supervisors, and co-workers; Claimant would miss one day of work per week due to his impairments. *Id.* Based on this RFC, the ALJ found that Claimant would be disabled if he were alcohol dependent. R. 21.

The ALJ then made a finding on Claimant's RFC if he were not alcohol dependent (the "Non-Dependency RFC"). R. 23. The Non-Dependency RFC matches the Dependency RFC except that the limitation regarding Claimant missing one day of work per week was removed. R. 19, 23. The ALJ found that if Claimant were not alcohol dependent, Claimant would be able to perform his past relevant work:

> The undersigned finds that the evidence of record justifying the inclusion of missing one day of work per week as a component of the [RFC] in the hypothetical question posed to the vocational expert is the isolation and lack of motivation linked to [Claimant's] alcohol [dependency]. The evidence is contained in the medical record and in [Claimant's] testimony.

> The [VE] testified that the issue precluding [Claimant's] employment is missing one day of work per week. The undersigned finds that if [Claimant] stopped [being alcohol dependent], the causation for missing one day per week would be removed. Based on the [VE's] testimony, the undersigned finds that [Claimant] would be able to perform his past work.

R. 29. Thus, the ALJ attributed Claimant's inability to work once per week to his alcohol dependency. *Id.* The ALJ then relied on the VE's testimony which, according to the ALJ, stated "that the issue precluding [Claimant's] employment is missing one day of work per week." *Id.* The ALJ then found that if Claimant were not alcohol dependent, he would no longer have to miss one day of work per week, and thus, he would be able to perform his past relevant work. *Id.* The ALJ did not make an alternative finding at step five. *Id.* Instead, the ALJ concluded that Claimant was not disabled because his alcohol dependency was "a contributing factor material to the determination of disability …" *Id.*

Claimant argues that the ALJ committed reversible error by relying on the VE's testimony when determining whether Claimant could perform his past relevant work if he were not alcohol dependent. Doc. No. 15 at 10-12. Specifically, Claimant argues that the VE "never testified that [the hypothetical individual] could return to either of [Claimant's] past relevant jobs." *Id.* at 11. The Commissioner argues that the VE clearly testified that the hypothetical individual could not perform the past relevant work if that individual were alcohol dependent. *Id.* at 13-15. The Commissioner also argues that the VE "implicitly testified that if [the hypothetical individual] did not miss one day a week of work – which is indisputably due to [Claimant's] heavy drinking – then [that individual] could perform [the] past relevant work." *Id.* at 13.

The Commissioner's argument and the ALJ's step four finding assume that the VE testified that the hypothetical individual's inability to work one day per week was the only limitation that precluded that individual's ability to perform the past relevant work. Doc. No. 15

at 13; R. 29. The VE, however, never provided such testimony. The VE only testified that: 1) the hypothetical individual's inability to attend work once per week was the most significant limitation with regard to performing the past relevant work; and 2) that limitation alone would preclude the hypothetical individual from maintaining any employment. R. 70-71. The VE did not provide any testimony as to whether the other limitations in the ALJ's hypothetical, either singly or in combination, would preclude the hypothetical individual from performing the past relevant work. *Id.* Thus, the ALJ erred by mischaracterizing the VE's testimony and relying on such mischaracterization to support his finding that Claimant would be able to perform his past relevant work if he were not alcohol dependent. *See Rymer v. Comm'r of Soc. Sec.*, No: 2:16–cv–763–FtM–CM, 2017 WL 5591484, at * 8 (M.D. Fla. Nov. 21, 2017) (finding that the ALJ committed error by misstating the VE's testimony).[4]

In *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983), the Eleventh Circuit held that an ALJ's misstatement is harmless error if it does not affect the ALJ's conclusion. *See also Rymer,* 2017 WL 5591484 at * 8 (finding an ALJ's misstatement of VE testimony to be harmless because it would not have affected his ultimate decision). Here, the ALJ's error is not harmless because he mischaracterized the VE's testimony regarding the hypothetical individual's inability to attend work once per week, and the ALJ relied on such mischaracterization to support the finding that Claimant would be able to perform his past relevant work if he were not alcohol dependent. R. 29. As stated previously, the VE: 1) never testified that the hypothetical person's inability to work once per week was the only limitation that precluded performing the past relevant work; and 2)

---

[4] The Court notes that "[v]ocational expert testimony is not necessary in determining whether a claimant can perform past relevant work." *Frizzo v. Astrue*, No. 6:11-cv-1318-ORL-31TEM, 2012 WL 3668049, at * 9 (M.D. Fla. Aug. 7, 2012); *Colon ex rel. Colon v. Astrue*, No. 8:08-cv-1191-17TEM, 2009 WL 2997187, at *5 (M.D. Fla. Sept. 18, 2009) ("The use of a vocational expert at step 4 of the sequential analysis is discretionary."). Here, the ALJ found that if Claimant were not alcohol dependent, he would be able to perform his past relevant work. The only evidence cited in support of this finding was the VE's testimony. R. 29. Because of the ALJ's mischaracterization of that testimony, the step four finding is not supported by substantial evidence.

was not asked whether eliminating that single limitation from the ALJ's hypothetical would allow the hypothetical individual to perform the past relevant work. R. 70-71.

An ALJ is not required to rely on VE testimony at step four. *See supra* p. 6 n. 4. The ALJ, however, decided to rely on the VE's testimony at step four, and the ALJ mischaracterized such testimony with regard to the hypothetical individual's inability to work once per week. R. 28-29; R. 70-71. The ALJ's mischaracterization of the VE's testimony is reversible error, and thus, it is recommended that the Court reverse and remand the Commissioner's final decision for further proceedings.[5]

### B. Ms. Loff's Psychosocial Assessment

On September 2, 2016, Claimant presented to Ms. Loff with complaints of depression and anger issues exacerbated by his divorce and unemployment. R. 670. On the same day, Ms. Loff completed a psychosocial assessment stating the following:

> [Claimant] is a 45-year-old multi-racial male who meets the criteria for Major Depressive Disorder, Recurrent, Severe Psychotic Features [as evidenced by] depressed mood daily, diminished interest or pleasure in almost all activities, insomnia, fatigue, loss of energy, and psychomotor agitation 7/7 days per week. [These] symptoms have been ongoing since [Claimant] was a child, are clinically significant, [and] markedly interfere with his social and occupational functioning … <u>The [major depressive] episode is not attributable to the physiological effects of a substance or to another medical condition.</u>

R. 675 (emphasis added). Thus, Ms. Loff found that Claimant's major depressive episodes were not attributable to a substance or other medical condition. *Id.* The ALJ did not state the weight given to Ms. Loff's assessment.

---

[5] The undersigned notes that the hypothetical given to the VE does not match the Dependency RFC or the Non-Dependency RFC. R. 19, 23, 71. Specifically, the hypothetical contains a crouching limitation that was not included in either RFC. *Id.* If the ALJ relies on VE testimony on remand, the hypothetical posed to the VE must match the RFC. *See Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) ("In order for a [VE's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.").

Claimant argues that the ALJ committed reversible error by failing to state the weight given to Ms. Loff's assessment because "it supports a finding that his alcohol use is not a contributing factor material to the determination of disability." Doc. No. 15 at 16-17. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. at 1178-79 (citations omitted). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* at 1179.

Claimant's argument is unavailing because Ms. Loff's assessment does not contain any specific functional limitations, and thus, the ALJ need not specify the weight given to the assessment. This Court has stated that a "medical opinion is a statement reflecting judgment about the nature and severity of an impairment and what a claimant can still do despite it." *Valdez v. Comm'r of Soc. Sec.*, No. 3:14-CV-1328-J-PDB, 2016 WL 836688, at * 4 (M.D. Fla. Mar. 4, 2016) (citing 20 C.F.R. § 404.1527(a)(2)). If a statement from a medical professional does not address the nature and severity of an impairment and what a claimant can do despite that impairment, it is not a medical opinion. *See id.* ("The treatment notes do not appear to contain medical opinions as defined under 20 C.F.R. § 404.1527(a)(2) because they do not contain judgments about the nature and severity of [the claimant's] chronic low back pain … and what he can still do despite it."); *Moore v. Barnhart*, 405 F.3d 1208, 1213 n. 6 (11th Cir. 2005) (noting that the mere existence of an impairment does not reveal the extent to which that impairment

limits a claimant's ability to perform work-related functions). Here, Ms. Loff describes Claimant's diagnoses and symptoms and finds that his major depressive episodes are not attributable to any substances or other medical conditions. R. 670-75. Ms. Loff, however, does not provide any specific statements regarding what Claimant can or cannot do despite his mental limitations. *Id.* Thus, Ms. Loff's assessment is not a medical opinion, and the ALJ did not commit any reversible error by failing to state the weight given to it.

## IV. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the Court:

1) **REVERSE** and **REMAND** the Commissioner's final decision for further proceedings pursuant to sentence four of Section 405(g); and

2) Direct the Clerk to award judgment in favor of Claimant and to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 14, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Courtroom Deputy
Counsel of Record
Unrepresented Parties